IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILFRED OMOLOH and<br>KATHLEEN OMOLOH, | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 4:17-cv-00160-O-BP |
| BANK OF AMERICA, N.A., | §<br>§<br>§ | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Wilfred Omoloh's Motion to Hold Defendant in Contempt of Court (ECF No. 34), filed March 20, 2018; Defendant's Response and Objection to Plaintiff's Motion (ECF No. 35), filed April 10, 2018; Plaintiff's Reply in Support of his Motion (ECF No. 36), filed May 4, 2018; and Plaintiff's "Corriegenda and Addendum of Plaintiff's Motion Opposing Defendant's Motion for Contempt" (ECF No. 37), filed May 11, 2018. United States District Judge Reed O'Connor referred Plaintiff's Motion and all related responses to the undersigned by Order dated May 14, 2018 (ECF No. 38). After considering the pleadings of the parties and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Contempt (ECF No. 34).

On April 24, 2017, Defendant filed its Motion to Enforce Settlement Agreement (ECF No. 16) asserting that the parties agreed to all material terms of a settlement agreement and requesting that the Court order enforcement of the agreement. ECF No. 16. The undersigned recommended that Defendant's motion be granted. ECF No. 21. On June 15, 2017, Judge O'Connor accepted the Findings, Conclusions, and Recommendation, ruling that Plaintiffs understood the terms of the

settlement agreement, entered into it willingly, and sought to fulfill the terms of the agreement. ECF No. 32. Judge O'Connor entered judgment accordingly. ECF Nos. 33. Plaintiffs were ordered "to execute the settlement agreement and return it to counsel for Bank of America no later than seven (7) days after the date" of the Order. ECF No. 32. The date of that Order was June 15, 2017, so Plaintiffs were required to execute the settlement agreement and return it to Defendant's counsel on or before June 22, 2017. Both Plaintiffs did not sign and return the agreement as ordered.

Plaintiff Wilfred Omoloh requests this Court "to hold the [D]efendant in contempt of the Court for refusing to execute the settlement agreement ordered [by] the District Judge and to find that the actual foreclosure on or about May 5, 2015, is wrongful and allow Plaintiff to proceed with trial[.]" ECF No. 34. In response, Defendant argues that the Court's order expressly requires both Plaintiffs to sign the settlement agreement, but that Plaintiff Wilfred Omoloh submitted the settlement agreement without Plaintiff Kathleen Omoloh's signature. ECF No. 35 at 5–6. Defendant contends it notified Plaintiff Wilfred Omoloh several times that the settlement agreement must be signed by both Plaintiffs in order for Defendant to issue payment to Plaintiffs, as ordered by the Court. *Id.* at 6–7. Plaintiff Wilfred Omoloh does not dispute these allegations or offer evidence to the contrary.

Plaintiff filed the instant Motion over nine months after the Final Judgment was entered in this case. While Plaintiff does not expressly request relief under Federal Rule of Civil Procedure 60(b), even if the undersigned were to construe Plaintiff's Motion as requesting relief from the Final Judgment, Plaintiff does not present the requisite "extraordinary circumstances" to warrant such relief. Fed. R. Civ. P. 60(b); *B–F Invs. v. F.D.I.C.*, 252 F.3d 434, 434 (5th Cir.2001) (The rule should only be applied in "extraordinary circumstances," and primarily applies in cases in

which the "true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence.").

If the Plaintiff simply seeks a contempt order because the Defendant has not paid the amount promised in the settlement agreement, he still is not entitled to the relief that he seeks. To establish civil contempt, the moving party must prove by clear and convincing evidence that "(1) a court order was in effect, (2) the order required specified conduct by the [defendant], and (3) the [defendant] failed to comply with the court's order." *United States v. City of Jackson, Miss.*, 359 F.3d 727, 731 (5th Cir. 2004). The Plaintiff has failed to make such a showing.

The undersigned finds that both Plaintiffs were ordered to execute the settlement agreement and return it to Defendant on or before June 22, 2017. ECF Nos. 21, 32. The Plaintiffs failed to do so. Defendant is not obligated to perform under the settlement agreement because the Plaintiffs have not returned a fully executed agreement as Judge O'Connor ordered. Thus, Defendant was unable to perform under the settlement agreement due to Plaintiffs' noncompliance. *See United States v. Rylander*, 460 U.S. 752, 757 (1983) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."). Defendant is not in violation of the Court's order and is not liable for contempt. Because Plaintiffs have not complied with the Court's Order, Plaintiff Wilfred Omoloh is not entitled to the relief he seeks, and Judge O'Connor should **DENY** Plaintiff's Motion.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

3

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 16, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE